**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  15-cr-00359-REB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1.  MICHAEL SANDERS,

 Defendant.

**TRIAL PREPARATION CONFERENCE ORDER**

**Blackburn, J.**

 Pursuant to Fed. R. Crim. P. 17.1, and D.C.COLO.LCrR 17.1.1 and 53.1, the court enters this **Trial Preparation Conference Order**.

 **IT IS ORDERED** as follows:

 1. That all non-CJA[1] pretrial motions shall be filed by **October 6, 2015**;

 2. That a response to a pretrial motion shall be filed within fourteen (14) days of the filing of the corresponding pretrial motion;

 3.  That regardless of how denominated, non-CJA motions shall not be filed out of time without leave of court[2]; regardless of how denominated, amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court;

---

[1] "CJA" are the initials for **C**riminal **J**ustice **A**ct codified at **18 U.S.C. § 3006A**.

[2] Motions to continue and motions affecting the attorney-client relationship, e.g., motions to withdraw, motions for substitute counsel, motions to terminate the attorney-client relationship, etc., are excluded from this requirement.

regardless of how denominated, supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court; and regardless of how denominated, replies to responses shall not be filed without leave of court;

4. That any pretrial motion that the court determines should be set for hearing shall be set for hearing during a telephonic (non-appearance) setting conference on **October 22, 2015**, at 10:00 a.m. (MDT);

5. That counsel for the government shall arrange, initiate, and coordinate the conference call necessary to facilitate the setting conference;

6. That trial by jury shall commence **November 16, 2015**, at 8:30 a.m. (MST), in courtroom A1001, located on the 10th Floor of the Alfred A. Arraj Courthouse Annex, 901 19th Street, Denver, Colorado 80294, at which the defendant shall appear in person without further notice, order, or subpoena;

7. That the court reserves three (3) days for trial: Monday, November 16, 2015, through Wednesday, November 18, 2015;

8. That any motion brought under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74, to exclude time for a speedy trial shall note and circumstantiate, *inter alia*, the specific amount of time to be excluded in computing the time for speedy trial under the act and shall provide non-conclusory reasons to justify the amount of time to be excluded as provided in **United States v. Toombs**, 574 F.3d 1262 (10th Cir. 2009); provided, furthermore, that, any motion to vacate and/or continue the trial, or any motion, which, if granted, would cause the trial to be vacated or continued shall address the factors enunciated in **United States v. West**, 828 F.2d 1468, 1469-70 (10th Cir. 1987), pursuant

to REB Cr. Practice Standard II.E.1;

  9. That counsel and the defendant shall appear in courtroom A1001 on the first day of trial at 8:00 a.m., to review and discuss with the courtroom deputy clerk and the court, if necessary, any final details, arrangements, or requirements concerning the trial;

  10. That a Trial Preparation Conference shall commence on **November 13, 2015**, at 8:30 a.m. (MST), in courtroom A1001;

  11. That lead counsel and the defendant shall attend the Trial Preparation Conference;

  12. That at the outset of the Trial Preparation conference, each party shall submit on the Witness List form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) a "will call" witness list enumerating the name and address of each witness that will be called and a "may call" witness list enumerating the name and address of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the witnesses listed will be present and available to testify during trial;

  13. That at the Trial Preparation Conference the parties shall be prepared to review and discuss, *inter alia*, the following:

    a. stipulated and proposed jury instructions and verdict forms;

    b. *voir dire* questions;

    c. the jury selection process, including alternate jurors, and peremptory challenges:

        1. The use of the one or more alternate jurors [Review Fed.R.Crim.P. 24(c)];

        2. Pretrial designation of the alternate juror(s);

        3. The number and allocation of peremptory challenges [Review Fed. R. Crim. P. 24(b) and (c)(4)]; and

        4. Retention or dismissal of alternate juror(s) [Review Fed. R. Crim. P. 24(c)(3)];

    d. use of juror questionnaires (if a questionnaire is used, the parties shall surrender their copies for destruction immediately subsequent to completion of jury selection);

    e. identification of all persons permitted to be seated at each party's table;

    f. the pronunciation of problematic party's and witness' names;

    g. the names or monikers that may be used when referring to the defendant or a witness;

    h. identification of "will call" and "may call" witnesses;

    i. use of deposition testimony:

        1. designation of specific testimony by page and line; and

        2. identification of the person selected to read deposition answers;

    j. use of video depositions:

        1. resolution of objections;

        2. pretrial redaction, if necessary; and

        3. arrangements for necessary equipment to broadcast the

deposition;

      k. the admission of stipulated exhibits or exhibits about which there are no objections;

      l. the allocation of trial time between the parties;

      m. the necessity for cautionary or limiting instructions;

      n. timing and manner of publication, if any, of trial exhibits to the jury;

      o. appropriate attire and clothing for defendant;

      p. security precautions, requirements, or issues;

      r.  training on the use of courtroom technology;

      s.  transporting and bringing equipment, models, props, or other property into the courthouse and courtroom for use during trial;[3] and

      t. courtroom etiquette and protocol;

14.  That unless ordered otherwise, each side shall be permitted voir dire examination not to exceed 15 minutes following voir dire examination by the court, but shall not reiterate questions previously propounded by the court or another party;

15. That unless ordered otherwise, the jurors shall not be sequestered before deliberations;

16. That trial witnesses subject to sequestration under Fed. R. Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

---

[3]The court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties.  A listing of available equipment can be found on the District Court's website at http://www.cod.uscourts.gov/AttorneyInformation/GeneralAttorneyInformation.aspx under "Courtroom Technology Manual for Attorneys."  Arrangements for training on courtroom technology must be made with the courtroom deputy clerk, **Kathleen Finney, at (303)335-2099**, at least 14 days before trial.  Notify the courtroom deputy clerk no later than **fourteen (14) days** before the date and time you need such equipment or need your own equipment to be brought through security for use in the courtroom.

17. That unless ordered otherwise, opening statements shall be limited to **thirty (30)** minutes per party;

18. That the court will not engage in the examination of any witness, except to eschew plain error;

19. That pursuant to REB Cr. Practice Standard III.B., immediately before commencement of trial, the parties shall submit to the courtroom deputy clerk the exhibits identified in their respective exhibit lists (a set of original exhibits for use by the witnesses and copies for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party);

20. That objections made in the presence or hearing of the jury shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, counsel and a pro se defendant shall not speechify an objection in the presence or hearing of the jury [Review Fed. R. Evid.103(d) and 104(c)];

21. That unless interrupted by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed, unless interrupted by the court: objection, response, reply, ruling;

22. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk in writing before the conclusion of a trial day specifying any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day specifying any issue which should be considered at the conclusion of that trial day;

23. That to facilitate preparation, marshaling, and consideration of proposed jury

instructions and verdict forms consistent with REB Cr. Practice Standard V.A.5., the government shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. G-1, G-2, G-3, etc., and the defendant shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. D-1, D-2, D-3, etc.; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

24. That unless ordered otherwise, closing argument shall be limited to forty-five **(45)** minutes total for each party;

25. That for additional information about courtroom protocol, courtroom technology and training, trial preparation, transportation of items into the courthouse and courtroom, or submission of trial exhibits, the courtroom deputy clerk, **Kathleen Finney, at (303)335-2099**, should be contacted; and

26. That pursuant to REB Cr. Practice Standard VI.A.1., a notice of disposition filed pursuant to D.C.COLO.LCrR 11.1(a), shall be considered to be a delay resulting from consideration by the court of a proposed plea agreement within the meaning of 18 U.S.C. § 3161(h)(1)(G) for the purpose of computing time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161; provided, further, that a defendant contesting this characterization shall state his objection in the notice of disposition or shall be deemed to have waived the objection.

Dated September 24, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge